UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF NEW YORK,<br><br>Plaintiff,<br><br>-against-<br><br>BP P.L.C.; CHEVRON CORPORATION; CONOCOPHILLIPS; EXXON MOBIL CORPORATION; and ROYAL DUTCH SHELL PLC,<br><br>Defendants. | ORDER RE: SCHEDULING FOR MOTIONS TO DISMISS<br><br>Case No. 18-cv-182-JFK<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 3-9-18 |

WHEREAS, Plaintiff City of New York and Defendant Chevron Corporation ("Chevron") by and through their counsel have agreed to a proposed briefing schedule for the reasons set forth in the attached letter, and Defendants ConocoPhillips ("ConocoPhillips"), Exxon Mobil Corporation ("Exxon") (Chevron, ConocoPhillips, and Exxon, collectively, the "U.S.-based Defendants"), BP p.l.c. ("BP"), and Royal Dutch Shell plc ("RDS") (BP and RDS, collectively, the "foreign-based Defendants") (Chevron, ConocoPhillips, Exxon, BP, and RDS, collectively, "Defendants") do not object to the requested schedule;

IT IS HEREBY ORDERED THAT

1. Consistent with the Scheduling Order issued February 6, 2018 (Dkt. 28), the following deadlines shall apply to the U.S.-based Defendants' motions to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6):

    (a)    On or before March 30, 2018, the date already set by the Court's February 6, 2018 Order, Plaintiff shall serve its response to the "Memorandum of Law of Chevron Corporation, ConocoPhillips, and Exxon Mobil Corporation Addressing Common Grounds in Support of Their Motions to Dismiss."

1

(b) On or before April 6, 2018, the date already set by the Court's February 6, 2018 Order, Plaintiff shall serve its response to the "Memorandum of Law in Support of ConocoPhillips' Motion to Dismiss" insofar as it addresses individual 12(b)(6) issues (*i.e.*, "Point I" of that Memorandum).

(c) Pending further order of the Court, any further briefing on the personal jurisdiction issues raised by ConocoPhillips and Exxon will be deferred, and Plaintiff therefore need not serve a response to those issues at this time, however, Exxon and ConocoPhillips shall electronically file their opening briefs on these issues on April 6, 2018 and April 13, 2018, respectively.

(d) On or before April 6, 2018, the date already set by the Court's February 6, 2018 Order, the U.S.-based Defendants shall serve their reply brief in support of the "Memorandum of Law of Chevron Corporation, ConocoPhillips, and Exxon Mobil Corporation Addressing Common Grounds in Support of Their Motions to Dismiss."

(e) On or before April 13, 2018, the date already set by the Court's February 6, 2018 Order, ConocoPhillips will serve its reply brief in support of its "Memorandum of Law in Support of ConocoPhillips' Motion to Dismiss" insofar as it addresses individual 12(b)(6) issues (*i.e.*, "Point I" of that Memorandum).

(f) The Court will hear argument on the U.S.-based Defendants' motions to dismiss on 12(b)(1) and 12(b)(6) grounds on June 13, 2018 at 11:00 A.M.

2. IT IS FURTHER ORDERED THAT within ten (10) days of the Court's ruling on the U.S.-based Defendants' motions to dismiss on 12(b)(1) and 12(b)(6) grounds, Plaintiff and the U.S.-based Defendants shall submit their joint or separate proposals as to how to proceed with respect to the personal jurisdiction objections raised by ConocoPhillips and Exxon (*e.g.*, whether resolution of those objections is necessary at that time in light of the Court's ruling, and if so, how to proceed in briefing and resolving those issues).

3. IT IS FURTHER ORDERED THAT pending further order of the Court, neither BP nor RDS need respond to the Plaintiff's Complaint. Within ten (10) days of the Court's ruling on the U.S.-based Defendants' motions to dismiss on 12(b)(1) and 12(b)(6) grounds, Plaintiff and the foreign-based Defendants shall submit their joint or separate proposals as to how to proceed with respect to the foreign-based Defendants (*e.g.*, whether the filing of motions

to dismiss is warranted at that time in light of the Court's ruling, and if so, how to proceed in briefing and resolving those issues).

4. The parties agree, and the Court HEREBY ORDERS, that nothing about the entry of this Order (or the parties' agreement thereto) deferring the opposition and reply briefing on ConocoPhillips' and Exxon's defenses under Rule 12(b)(2) effects a waiver of those defenses. By agreeing to the entry of this Order, ConocoPhillips and Exxon do not waive their objections to personal jurisdiction; on the contrary, they expressly preserve those objections. Plaintiff agrees that it will not assert that there has been any waiver of ConocoPhillips' and Exxon's objections to personal jurisdiction because of the entry of this Order or the parties' agreement to such entry.

5. The parties agree, and the Court HEREBY ORDERS, that nothing about the entry of this Order (or the parties agreement thereto) deferring the responses of the foreign-based Defendants to the Complaint until after the Court's ruling on the U.S.-based Defendants' motions to dismiss under Rules 12(b)(1) and 12(b)(6) effects a waiver of any of the foreign-based Defendants' objections to the Complaint, including lack of personal jurisdiction or insufficient service of process. By agreeing to the entry of this Order, the foreign-based Defendants do not waive any of their objections to the Complaint, including lack of personal jurisdiction and insufficient service of process; on the contrary, they expressly preserve all objections to the Complaint. Plaintiff agrees that it will not assert that there has been any waiver of the foreign-based Defendants' objections to the Complaint, including objections of lack of personal jurisdiction and insufficient service of process, because of the entry of this Order or the parties' agreement to such entry.

Date: 3/09/18

Hon. John F. Keenan

United States District Judge

4